UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-cv-22953-WPD

DANIEL BARRIOS,
and other similarly situated individuals,

      Plaintiff,

vs.

SPECIALIZED TOWING AND TRANSPORATION,
INC.,

      Defendant.

_____/

## JOINT MOTION FOR APPROVAL OF SETTLEMENT AND FOR DISMISSAL WITH PREJUDICE, AND INCORPORATED MEMORANDUM OF LAW

Plaintiff, DANIEL BARRIOS ("Plaintiff") and Defendants SPECIALIZED TOWING AND TRANSPORTATION, INC., a Florida Corporation ("Defendant"), (Plaintiff and Defendant shall collectively be referred to as the "Parties"), by and through their respective undersigned counsel, hereby jointly move for Court approval of the mutually-agreed upon terms and conditions of the Parties' Settlement Agreement (the "Settlement Agreement"). The Settlement Agreement fully resolves Plaintiff's claims for unpaid wages under the Fair Labor Standards Act of 1938 29 U.S.C. § 201, *et. seq*. (the "FLSA").

If the Court approves the Settlement Agreement, the Parties respectfully request dismissal of the above-captioned action with prejudice, in its entirety, with the Parties to bear their own costs, fees, and expenses except as otherwise set forth in the Settlement Agreement. In support thereof, the Parties state as follows:

1

## MOTION FOR APPROVAL OF SETTLEMENT AND DISMISSAL OF ACTION

1. On September 15, 2022, Plaintiff, through his attorney, filed the Complaint in this matter claiming Defendant violated the FLSA by failing to pay minimum wages, overtime, and for retaliation (the "Lawsuit").

2. To avoid the costs associated with continued litigation, and after detailed negotiations, the Parties reached a complete settlement of the claims asserted in Plaintiff's Complaint. Defendant denies the allegations of wrongdoing, liability or fault claimed by Plaintiff, and, under the terms of their Settlement Agreement, Defendant does not admit liability for the alleged amount of unpaid wages claimed by Plaintiff. In accordance with *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982), the Parties seek Court approval of the settlement of Plaintiff's claims.

**WHEREFORE**, Plaintiff and Defendant jointly move for court approval of their Settlement Agreement (attached hereto as **Exhibit A**) and for the entry of the proposed Order (attached hereto as **Exhibit B**) being submitted contemporaneously with this Motion, following which the Parties' jointly move that this case be dismissed with prejudice and that the case be closed.

## MEMORANDUM OF LAW

There are two ways that FLSA claims may be settled, compromised, or released by an employee. *Lynn's Food Stores*, 679 F.2d at 1352-53. The first, which has no application in the instant case, permits resolution of claims under the supervision of the United States Department of Labor. *Id.* The second, which *does* apply in the instant case, permits judicial approval of disputed claims on terms that are fair and reasonable.

Settlements may be permissible in the context of a suit brought by employees under the

FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation. *Id.* at 1354; *see also Brooks v. Continental Property Services, Inc.*, No. 6:07-cv-1513-ORL- 319GJK, 2008 WL 781825 (M.D. Fla. Mar. 19, 2008) (approving FLSA settlement in accordance with *Lynn's Food Stores*); *Swailes v. Surety Construction Co.*, No. 2:07-cv-279-FtM-29DNF, 2008 WL 875981 (M.D. Fla. Mar. 27, 2008) (same).

When asked to review and approve the terms of settlement under the FLSA, there is a "strong presumption" in favor of approval. *Dail v. George A. Arab, Inc.*, 391 F. Supp. 2d 1142, 1146 (M.D. Fla. 2005); *Camp v. Progressive Corp.*, 2004 U.S. Dist. LEXIS 19172 (E.D. La. Sept. 23, 2004)(there is a "strong presumption" in favor of finding a settlement fair) (citing *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977)); *see also Schottborgh v. Motor Car Concepts, II, Inc.*, 2009 WL 4730615, at *2 (M.D. Fla. Dec. 9, 2009) ("The Court should be mindful of the strong presumption in favor of finding a settlement fair."); *Tobar v. Khan*, No. 6:10–cv–239–Orl– 22DAB, 2011 WL 564588, at *1 (M.D. Fla. Feb. 1, 2011), *adopted at* 2011 WL 397898 ("Settlement in the amount of $850 to Plaintiff for unpaid wages and liquidated damages, and $1400 for attorney's fees and costs is a fair and reasonable settlement" where there were disputed issues).

The settlement here is the negotiated result of adversarial proceedings, which itself is an indication of its fairness. In *Lynn's Food Stores,* Judge Goldberg, sitting on the Eleventh Circuit by designation, noted that the initiation of the action by the employees provides some assurance of an adversarial context. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. 679 F.2d at 1354.

Here, Plaintiff made claims for unpaid wages and Defendants. Specifically, Plaintiff alleges that for the three-year period prior to the filing of the Complaint (September 15, 2019 through September 15, 2022), Plaintiff worked 12 hours per day seven days per week, for a total of 84 hours weekly. In response, Defendant produced in this lawsuit time records showing clock ins and clock outs entered into the system by Plaintiff, commission sheets showing how much commissions Plaintiff earned, and pay stubs from a third-party payroll company showing how Plaintiff's regular rate of pay was determined each pay period and the calculation of time and a half for all hours Plaintiff worked over 40 hours during each week at issue. Defendant contends that these records reflect that Plaintiff was fully compensated each pay period in accordance with the requirements of the FLSA.

Plaintiff stipulates that the records provided by Defendant accurately reflect much of his time worked, but believes that there are some discrepancies in the records and that certain days worked by Plaintiff are not reflected in the records. However, Plaintiff agrees upon the review of these records that the amount he is receiving in this settlement ($3,500 for backpay and $3,500- for liquidated damages) exceeds the total amount that he no claims he is owed.

Here, Defendant has agreed to pay to Plaintiff in excess of 100% of his backpay and liquidated damages that Plaintiff concedes he is owed after obtaining and reviewing his wage and

time records. Defendant has further agreed to pay Plaintiff's attorney's fees and costs for prosecuting the FLSA claim in the amount of $7,500.00.

Here, the Parties' Settlement represents an outcome that is reasonable given the facts of the case. All Parties have stated that the proposed settlement is reasonable and fair, and that in arriving at the proposed settlement they considered liability disputes, including; (1) whether Plaintiff was compensated properly for all wages in accordance with the FLSA; (2) whether Plaintiff is entitled to alleged liquidated damages and whether the alleged FLSA violations were willful; and (3) the likelihood of Plaintiff's success on the merits. Further, Plaintiff is obtaining a settlement in excess of 100% of the value of his claim, and based on his warranty and representation, he could not achieve a greater result if he succeeded at trial. Further, the attorneys' fees paid to Plaintiff's counsel pursuant to the Settlement Agreement are in addition to the full amount of backpay and liquidated damages being paid to Plaintiff.

The amounts to be paid to the Plaintiff as part of the settlement are fair and reasonable to the extent that Plaintiff could be barred from any recovery should there be a finding at trial that they he was properly compensated pursuant to the FLSA. Moreover, the Parties' agree that the amount paid to Plaintiff's counsel for attorneys' fees and costs represents reasonable attorneys' fees and costs and the amount paid by the Defendant for Plaintiff's attorney's fees and costs constitute full satisfaction of Plaintiff's counsel's fees and costs in pursuing the FLSA claim. Additionally, the Settlement Agreement identifies those portions of the payments being made to the Plaintiffs which represents backpay and liquidated damages.

Under the factors outlined in *Manson v. Wyndham Vacation Ownership, Inc.*, Case No. 6:10-cv-1805-Orl-35GJK, 2012 WL 570060, at *1-2 (M.D. Fla. Feb. 17, 2012), the Parties assert that: (1) there is absolutely no collusion behind this Agreement; (2) the expense and likely duration

of the litigation would by far have exceeded the amount of the settlement reached; (3) the settlement was reached prior to the discovery deadline, but this matter would have required further extensive litigation and judicial involvement if settlement did not occur; (4) while Plaintiff alleged violations of the FLSA, there was also strong opposition and possibility that Plaintiff would not have been able to prevail at all on his FLSA claims; and (5) in the opinions of counsel, the settlement reached – including the amount negotiated for Plaintiff's attorney's fees and costs – was in the best interest of the Parties and represented a fair and reasonable compromise of disputed claims.

At the time of settlement, the Parties were represented by counsel experienced in FLSA litigation. Further, the settlement was a product of extended negotiations. Counsel, at the time of settlement, has zealously represented their clients' respective interests, and has negotiated a settlement that is acceptable to Plaintiff and Defendant. In the opinion of undersigned counsel for the Parties, the expense of litigation through trial and any appeal would have far exceeded the potential value of this case.

**WHEREFORE**, Plaintiff and Defendant respectfully request that the Court:

- (i)   approve the terms and conditions of the Settlement Agreement;

- (ii)  dismiss the instant action in its entirety with prejudice, each party to bear its own costs, fees, and expenses except as otherwise set forth in the Settlement Agreement; and

- (iii) retain jurisdiction to enforce the terms of the Parties' Settlement Agreement should such enforcement be necessary. A proposed Order accompanies this Motion as **Exhibit "B."**

Respectfully Submitted:

By:
/s/ *Zandro E. Palma, Esq.*
Zandro E. Palma, Esq.
Law Offices of Zandro E. Palma, P.A.
9100 S. Dadeland Blvd.
Suite 1500
Miami, Florida 33156
Tel: (305) 446-1500
E-mail: zep@thepalmagroup.com
**Attorney for Plaintiff**

/s/ *Joshua Entin, Esq.*
Joshua M. Entin, Esq.
**ENTIN LAW GROUP, P.A.**
1213 SE Third Avenue
Fort Lauderdale, Florida 33316
Tel: (954) 761-7201
E-mail: josh@entinlaw.com
**Attorney for Defendant**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on April 17, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served on this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specific, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ *Joshua M. Entin*
Joshua M. Entin, Esq.

<u>**SERVICE LIST**</u>

***BARRIOS vs. SPECIALIZED TOWING AND TRANSPORTATION, INC., ET AL***

**Case No. 22-cv-22953-WPD**

**Zandro E. Palma, Esquire**
**ZANDRO E. PALMA, P.A.**
9100 S. Dadeland Blvd., Suite 1500
Miami, Florida 33156
Telephone: (305) 446-1500
Email: zep@thepalmalawgroup.com
***Attorney for Plaintiff***